## HUGH RICHARDSON *vs.* RICHARD TALBOT.

1. The omission of the witness to state, in answer to cross interrogatories, particulars of transactions which appear to have transpired under his observation will not be cause for suppressing his deposition, where he states that he is unable to give the information sought.

2. Where the direct interrogatory inquired who were the officers of a bank in 1863, and the witness stated their names; and he was requested, in a cross interrogatory, to state who were the officers of that bank in 1863, and since, and he answered only by referring to his answer to the direct interrogatory—held not sufficient.

3. On a motion before trial to suppress a deposition on the ground that the cross interrogatories are not fully answered, the Court will not inquire into the materiality of the unanswered interrogatory.        *Saginaw Circuit, March,* 1870.

*Webber & Smith* for the Plaintiff.

*Wm. A. Clark* for the Defendant.

Motion in behalf of the defendant to suppress depositions taken under a commission, on formal objections.

A witness was asked, in cross interrogatories, whether he had any interest in the assets of the Gore Bank, Canada, and in regard to sundry other things which his deposition shows must have transpired under his observation. He answered that he had been out of health for considerable time, and is still sick, and that he is unable to answer these questions for want of knowledge.

SUTHERLAND, J.—*Held*, that it must be left to the witness to say whether he can answer such questions. If he testifies that he has no present knowledge on the subject, when it may be fairly presumed that he has had knowledge, his denial only affects his credit—it does not render his deposition inadmissible as though he had refused or silently omitted to answer.

In answer to a direct interrogatory, he stated who were the officers of the Gore Bank in 186; ; by a cross interrogatory he was requested, among other things, to state who were in 1863, *and since*, the officers of that bank. He replied that he had answered in his reply to the direct interrogatory. Held not sufficient. 19 *Wend.*, 437 ; 25 *Id.*, 259 ; 3 *Hill*, 333.

It was suggested, on the part of the plaintiff, that the question

was immaterial ; but it was held that it could not properly be determined in advance of the trial whether the question would be material or not. Such questions should be postponed until the trial; and this practice is indicated by the statute, § 4257, *C. L.*